UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY BROOKS,<br><br>   Petitioner,<br><br>  v.<br><br>GENA JONES, Warden,<br><br>   Respondent. | No. 2:24-cv-2084 DC CSK P<br><br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Petitioner challenges the denial of the request to recall and resentence petitioner, claiming he is entitled to resentencing under California Penal Code § 1172.1. (ECF No. 1 at 4-12.) Respondent's fully briefed motion to dismiss is before the Court.

  Rule 4 of the Rules Governing § 2254 Cases requires the district court to dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases.

  As discussed below, the Court recommends that the petition be dismissed with prejudice.

I. PROCEDURAL HISTORY

  Petitioner was convicted in 2012 of assault with a firearm, shooting a firearm in a grossly negligent manner, possession of a firearm by a convicted felon, making a criminal threat, and

1

1  vandalism.  (ECF No. 1 at 1.)  In connection with the assault conviction, the jury found petitioner
2  personally used a firearm.  (Id.)  In addition, the trial court found true allegations that petitioner
3  was previously convicted of three strike offenses within the meaning of the three strikes law.
4  Petitioner was sentenced to a determinate term of 29 years and four months, in state prison.  (Id.)
5  　　　　　On February 26, 2015, the state court of appeal modified the judgment of conviction by
6  imposing a sixteen-month sentence for petitioner's conviction for shooting a firearm in a grossly
7  negligent manner, stayed the sentence under California Penal Code section 654, and affirmed the
8  modified judgment.  (ECF No. 10-2 at 27.)  On April 1, 2015, petitioner filed a petition for review
9  in the California Supreme Court, which was denied on June 10, 2015.  (ECF Nos. 10-3, 10-4.)
10 　　　　　On February 12, 2021, the California Department of Corrections and Rehabilitation sent a
11 letter to the state superior court recommending that petitioner's sentence be recalled under
12 California Penal Code section 1170(d)(1), and he be resentenced.  (ECF No. 10-5.)  On March 23,
13 2021, the superior court declined to recall petitioner's sentence.  (ECF No. 10-6.)
14 　　　　　Petitioner filed an appeal, and on December 21, 2023, the state court of appeal affirmed
15 the superior court's order.  (ECF No. 10-7.)  On January 22, 2024, petitioner filed a petition for
16 review in the California Supreme Court, which was denied on February 28, 2024.  (ECF Nos. 10-
17 8, 10-9.)
18 　　　　　On August 1, 2024, petitioner's federal habeas petition was filed in this district court.
19 (ECF No. 1.)  On January 14, 2025, respondent filed a motion to dismiss.  (ECF No. 11.)  After
20 receiving an extension of time, petitioner filed an opposition on April 7, 2025.  (ECF No. 13.)
21 Respondent filed a reply on April 18, 2025.  (ECF No. 14.)
22 II.    DISCUSSION
23 　　　　　"AB 600 amended section 1172.1 of the California Penal Code to allow a trial court, on its
24 own motion, to recall a sentence and resentence a defendant when 'applicable sentencing laws at
25 the time of the original sentencing are subsequently changed by new statutory authority or case
26 law.'"  People v. Dain, 99 Cal. App. 5th 399, 412 (2024) (citing Assembly Bill 600 and quoting
27 Cal. Penal Code § 1172.1(a)(1)).  Petitioner's claim for resentencing under California Penal Code
28 § 1172.1 does not state a federal habeas claim because such relief "is unavailable for alleged error

2

in the interpretation or application of state law[.]" Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Instead, federal habeas relief is available to state inmates who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Here, the petition fails to state a cognizable habeas claim because it solely involves the interpretation or application of state sentencing laws, which does not give rise to a federal question cognizable in federal habeas. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see, e.g., Boone v. Ratliff, 2025 WL 756867, at *2 (C.D. Cal. Jan. 16, 2025) (finding challenge to superior court's denial of petition for recall and resentencing under Cal. Penal Code §§ 1172.1(a)(1) and 1170.18 alleged only a violation of state sentencing laws which are not cognizable on federal habeas review), report and recommendation adopted, 2025 WL 754001 (C.D. Cal. Mar. 7, 2025); Haney v. Lundy, 2024 WL 4329074, at *5 (C.D. Cal. Jul. 15, 2024) (holding that claim prisoner was entitled to resentencing under AB 600 does not merit federal habeas relief "as such a claim involves only the application of state sentencing laws and thus does not give rise to a federal question"), report and recommendation adopted, 2025 WL 35980 (C.D. Cal. Jan. 6, 2025). Therefore, the petition fails to state a cognizable federal habeas claim.

"Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). In rare circumstances, a state court's misapplication of state sentencing law may violate due process only if a petitioner can demonstrate that "the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Here, petitioner argues that the trial court's denial of the resentencing was "irrational," "unreasonable, arbitrary and capricious" because plaintiff, age 69, was unlikely to commit a "super strike" offense when he had never committed a "super strike" his entire life. (ECF No. 1 at 10.) However, petitioner's arguments fail to demonstrate that the state court acted in an arbitrary or capricious manner. Rather, petitioner's arguments demonstrate his disagreement with the trial court's decision. The trial court, in a reasoned decision, reviewed petitioner's criminal

history, behavior and group participation in prison; noted that the sentencing court struck two priors and sentenced petitioner as a second strike defendant, rather than a third strike defendant; and found that petitioner was likely eligible to receive the COVID-19 vaccination. (ECF No. 10-6 at 2-3.) Petitioner fails to demonstrate such decision was arbitrary or capricious. Petitioner's claim is not cognizable because it is premised exclusively on an issue of state law, namely, whether the trial court should exercise its discretion under California Penal Code § 1172.1.

Further, petitioner's claims that the sentencing error violated his rights to equal protection and to due process are also unavailing. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (adding the phrase "due process" to state law claims does not transform them into federal claims; rather, they remain state law claims "dressed up" as federal due process claims); see also Holloway v. Price, 2015 WL 1607710, at *6-8 (C.D. Cal. Apr. 7, 2015) (finding federal due process and equal protection claims challenging the denial of resentencing under California Penal Code § 1170.126 were not cognizable); Aubrey v. Virga, 2015 WL 1932071, at *9-10 (C.D. Cal. Apr. 27, 2015) (same); Morgan v. Spearman, 2015 WL 2452781, at *5 (C.D. Cal. May 21, 2015) ("Draping this question of state law in the verbiage of the Sixth Amendment or equal protection or the Ex Post Facto Clause does not render the claim cognizable," and summarily dismissing claim that failure to resentence under the Three Strikes Reform Act violated the federal constitution.)

Finally, in his opposition, petitioner contends that his reliance on Brown v. Atchley, 76 F.4th 862, 867-68 (9th Cir. 2023), is directly on point with his petition. (ECF No. 13 at 11 (citing ECF No. 1 at 9:3).) In his petition, petitioner correctly argued that in Brown, the Ninth Circuit found that the prisoner's claim did not become ripe until his resentencing application under § 1172.1 was denied. (ECF No. 1 at 12 (citing Brown, 76 F.4th 862).) But petitioner fails to demonstrate the relevance of Brown because here, petitioner's § 1172.1 claim was denied before he filed this action, and respondent does not argue that petitioner's claim is not ripe. Further, in Brown, the Ninth Circuit addressed whether a particular federal habeas petition was successive, not whether claims based entirely on state law warrant federal habeas relief. See Brown, 76 F.4th at 873.

4

Accordingly, respondent's motion should be granted, and this action should be dismissed for failure to state a cognizable federal habeas claim.

## III. LEAVE TO AMEND

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Because state court sentencing decisions are not cognizable on federal habeas review, as discussed above, petitioner cannot amend his petition to state a cognizable federal habeas claim. Therefore, no leave to amend should be granted.

## IV. CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted; and

2. The petition be dismissed with prejudice, and this action be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2025

_[signature: Chi Soo Kim]_
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/broo2084.mtd.hc

5